IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ADRIANA CARPIO DE PALMA, as Successor Personal Representative of the Estate of Martin Palma Salcedo,**<br><br>              **Plaintiff,**<br><br>     **v.**<br><br>**JOHN B. SANFILIPPO & SON, INC.,**<br><br>              **Defendant.** | **Case No. 14 C 2008**<br><br>**Hon. Harry D. Leinenweber** |

**MEMORANDUM OPINION AND ORDER**

**I.  BACKGROUND**

Defendant John B. Sanfilippo & Son, Inc. ("Defendant"), employed Martin Palma Salcedo ("Salcedo") as a production supervisor for over a year.  In early May 2012, Salcedo was diagnosed with cancer.  He immediately told his supervisors, who fired Salcedo shortly thereafter.  About a year later, Salcedo passed away.  Plaintiff Adriana Carpio de Palma ("Plaintiff"), Salcedo's surviving spouse, sued Defendant on her deceased husband's behalf for violating the Family Medical Leave Act ("FMLA") by discriminating against Salcedo because of his health.

On June 13, 2014, Plaintiff filed the First Amended Complaint with leave of the Court.  The caption of this Complaint identified Plaintiff as "Successor Personal Representative of the

Estate of Martin Palma Salcedo." When Plaintiff filed the Complaint, she had not yet been named personal representative of her husband's estate. But, on July 21, 2014, Plaintiff was appointed personal representative. Defendant now moves to dismiss, arguing that Plaintiff does not have standing under the FMLA and that the Court should not apply the relation-back doctrine to Plaintiff's Amended Complaint. For the reasons stated herein, Defendant's Motion to Dismiss [ECF No. 19] is denied.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must provide a short and plain statement of the claim showing the plaintiff is entitled to relief sufficient to provide the defendant with "fair notice" of the claim and its basis. FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The factual allegations in a complaint must "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555–56.

## III. ANALYSIS

Defendant first argues that Plaintiff does not have standing to bring an FLMA claim on behalf of her husband. Federal Rule of

Civil Procedure 17(b) "provides that . . . the capacity of one suing as a representative is governed by the law of the state in which the district court is sitting." *De La Fuente Flores v. D.E.A.,* No. 04 C 5037, 2005 WL 351059, at *2 n.3 (N.D. Ill. Feb. 14, 2005). Because Plaintiff is suing in a representative capacity, Illinois law governs. "The longstanding rule in Illinois . . . is that the [personal representative] of a decedent's estate has standing to file suit on behalf of the decedent, but the legatees, heirs and devisees have no such standing." *Abiola v. Abubakar,* No. 02 C 6093, 2003 WL 22012220, at *2 (N.D. Ill. Aug. 25, 2003) (internal quotation marks omitted). When Plaintiff filed the First Amended Complaint, she was not yet appointed as her husband's personal representative. Because she was appointed subsequently, however, she now complies with Rule 17(b).

Plaintiff's initial failure to comply with Rule 17(b) is not grounds for dismissing this case. Generally, failure to comply with Rule 17 does not require immediate dismissal. *See, Thomas D. Philipsborn Irrevocable Ins. Trust v. Avon Capital, LLC,* No. 11 C 3274, 2014 WL 273649, at *2 (N.D. Ill. Jan. 24, 2014) ("[E]ven though Plaintiff had not complied with Rule 17[,] . . . the Court did not need to dismiss the case. . . ."); *Whitaker v. City of Chicago,* No. 11 C 7362, 2012 WL 4760868, at *4 (N.D. Ill. Oct. 5, 2012) ("[P]ursuant to Rule

- 3 -

17, district courts may grant plaintiffs time to acquire the appropriate probate appointments prior to dismissing a lawsuit.") Further, Rule 17(a)(3) explicitly "provides that a case should not be dismissed because it has not been brought in the name of the real party of interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." *CWCapital Asset Mgmt., LLC v. Chi. Props., LLC,* 610 F.3d 497, 502 (7th Cir. 2010) (internal quotation marks omitted). After Rule 17(a)(3) is satisfied, "the action proceeds as if it had been originally commenced by the real party in interest." *Id.*

Regardless of whether Plaintiff satisfied Rule 17 when her Complaint was filed, she clearly satisfies it now. Thus, her Complaint will not be dismissed based on Rule 17. *See, Swearingen-El v. Cook Cnty. Sheriff's Dep't,* 456 F.Supp.2d 986, 990 (N.D. Ill. 2006) (denying a motion to dismiss for lack of standing where the plaintiff initially did not comply with Rule 17 but then corrected the defect).

Defendant also argues that the Court should not apply the relation back doctrine and find that Plaintiff's First Amended Complaint is untimely. "[T]he Illinois and federal relation-back rules are the same, so the analysis under either set of rules is identical." *PNC Equip. Fin., LLC v. Zilberbrand,* No. 12-cv-03074, 2014 WL 448384, at *6 (N.D. Ill. Feb. 4, 2014) (internal

quotation marks omitted).  "Under Illinois law, relation back is allowed only when two requirements are met:  (1) the original complaint was timely filed, and (2) the amended complaint grew out of the same transaction or occurrence set forth in the original pleading."  *Henderson v. Bolanda,* 253 F.3d 928, 932-33 (7th Cir. 2001).

Defendant does not dispute that the occurrence in both the original and amended Complaints is the same.  Instead, Defendant's argument is that Plaintiff's Amended Complaint is untimely because she was careless in failing to attain appointment as personal representative before filing it.  The only case upon which Defendant relies is distinguishable because in that case the defendant, not the plaintiff, was deceased. *Augustus v. Estate of Somers,* 662 N.E.2d 138, 140 (Ill. App. Ct. 1996).  Illinois courts have recognized that this difference is significant.  *Ill. Inst. of Tech. Research Inst. v. Indus. Comm'n,* 731 N.E.2d 795, 803 (Ill. App. Ct. 2000).  Also, contrary to Defendant's contention, Illinois courts have routinely allowed a plaintiff to amend a complaint after the statute of limitations ran where the plaintiff failed to name the personal representative of a decedent's estate.  *See, e.g.*, *Marcus v. Art Nissen & Son, Inc.,* 586 N.E.2d 694, 696 (Ill. App. Ct. 1991); *Lopez v. Oyarzabal,* 535 N.E.2d 8, 10 (Ill. App. Ct. 1989); *Redmond v. Cent. Cmty. Hosp.,* 382 N.E.2d 95, 101 (Ill. App. Ct.

1978).  "With regard to plaintiffs, relation back has been allowed where a suit was filed by [a personal representative] on behalf of a deceased individual but the [representative] had not yet been appointed or the appointment was somehow defective." *Indus. Comm'n,* 731 N.E.2d 795, 803 (2000).  The facts of this case fit this rule exactly; thus, Plaintiff's Amended Complaint relates back to the original Complaint, which was filed timely.

### IV.    CONCLUSION

For the reasons stated herein, the Defendant's Motion to Dismiss [ECF No. 190] is denied.

**IT IS SO ORDERED.**

_____
    Harry D. Leinenweber, Judge
    United States District Court

Date:9/25/2014